# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL J. SCALZI, | Case No.: 2:08-cv-1399-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Amended Motion to Dismiss Complaint–#29) |
| CITY OF NORTH LAS VEGAS, | |
| Defendant. | |

Before the Court is Defendant City of North Las Vegas' ("the City") **Amended Motion to Dismiss Complaint** (#29), filed June 16, 2009. The Court has also considered Plaintiff Michael J. Scalzi's Opposition (#30), filed July 2, 2009, and the City's Reply (#31), filed July 16, 2009.

### BACKGROUND

In 2005, the City of North Las Vegas hired Michael J. Scalzi to work as its labor relations manager. When its human resources director resigned in 2006, the City named Scalzi as acting human resources director. Scalzi alleges that, while in this position, he stood up to the City Manager to ensure that the City acted lawfully and treated all employees fairly. Subsequently, the City "denied [Scalzi] a promotion that was given to a female" employee, who was selected to fill the position of human resources director on a permanent basis. (Dkt. #25, Am. Compl. ¶ 6.)

/

According to Scalzi, he "was replaced by a female who would 'play ball' with the City Manager and 'not stand up for what was right' since 'women don't act that way.'" *Id.*

Scalzi then returned to his original job as the City's labor relations manager. On June 27, 2007, the City terminated Scalzi's employment. On June 13, 2008, the Equal Employment Opportunity Commission ("EEOC") issued Scalzi a letter conferring a right to sue. On September 12, 2008, Scalzi filed suit alleging sexual discrimination and retaliation in violation of both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (2006) ("Title VII") and NRS 613.330 (2006). On May 13, 2009, Plaintiff filed an Amended Complaint alleging a second cause of action for "violation of state whistle blower statute NRS § 281.645." (*Id.* at ¶¶ 20–26.) On June 16, 2009, the City filed its Amended Motion to dismiss Scalzi's claims. For the reasons discussed below, the Court grants the City's Motion to Dismiss in part and denies it in part.

## DISCUSSION

### I. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

/

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the Court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice. *Iqbal*, 129 S. Ct. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**II.     Violation of Title VII and NRS 613.330**

Scalzi brings a sex discrimination claim under Title VII and NRS 613.330 and a retaliation claim under Title VII. The Court will address these claims in turn.

      **A.     Sex Discrimination (Title VII and NRS 613.330)**

Scalzi alleges sex discrimination in violation of Title VII and NRS 613.330. Because NRS 613.330 uses the same language as Title VII in defining sex discrimination, the Court analyzes these claims based on Title VII jurisprudence. "To establish a prima facie discrimination claim under Title VII, an employee must show that (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) similarly situated members outside the protected class were treated more favorably. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (citation omitted).

/

AO 72
(Rev. 8/82)

1  The Court finds that Scalzi has stated a valid claim for sex discrimination. First,
2  gender is a protected class under Title VII. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,
3  1055–56 (9th Cir. 2002). Second, Scalzi alleges the City employed him as the labor relations
4  manager, acting human resources director, and acting chief labor relations manager. This
5  employment indicates that he was qualified for these positions. Third, Scalzi alleges the City
6  denied him a promotion and ultimately terminated his employment. These are both adverse
7  employment actions under Title VII, which provides that it is unlawful for an employer "to
8  discriminate against any individual with respect to his compensation, terms, conditions, or
9  privileges of employment." 42 U.S.C. § 2000e-2(a)(1) (2006); *see also Burlington Indus., Inc. v.*
10  *Ellerth*, 524 U.S. 742, 761 (1998) ("[H]iring, firing, failing to promote, reassignment with
11  significantly differently responsibilities, or a decision causing a significant change in benefits" are
12  examples of adverse employment actions).
13  Finally, Scalzi alleges that the City hired a female for the position he sought and
14  that it hired three females after terminating him. Scalzi alleges the City promoted and hired these
15  women instead of him because they would "play ball" with the City Manager and "not 'challenge'
16  him even when he wanted to violate policy or the law." (Dkt. #25, Am. Compl. ¶ 14.) Taking these
17  factual allegations as true, the Court finds Scalzi has stated a claim for sex discrimination under
18  Title VII and NRS 613.330.
19  **B.    Retaliation (Title VII)**
20  To establish a prima facie retaliation claim, a plaintiff must show that (1) he was
21  engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there was a
22  causal link between the protected activity and the adverse employment action. *Davis*, 520 F.3d at
23  1089. Scalzi alleges he "complained multiple times about inappropriate conduct by the City
24  Manager and other City of North Las Vegas officials." (Dkt. #25–Am. Compl. ¶ 13.) As a result of
25  these complaints, the City allegedly denied Scalzi a promotion to the human resources director
26  /

AO 72
(Rev. 8/82)

position and instead hired a woman who would "'play ball' and not 'challenge' [the City Manager] even when he wanted to violate policy or the law." *Id.*

Taking Scalzi's factual assertions as true, the Court finds Scalzi has stated a valid retaliation claim. First, Scalzi complained about inappropriate conduct within the scope of his duties as acting human resources director. This conduct is a protected under Title VII. Second, the City's alleged refusal to promote Scalzi is an adverse employment action. Finally, Scalzi alleges that this adverse employment action was directly caused by his comments to the City Manager. Thus, Scalzi has stated facts sufficient to establish a plausible claim for retaliation. Accordingly, the Court denies the City's Motion to Dismiss his retaliation claim.

### III.    Violation of NRS 281.645

Scalzi alleges the City violated NRS 281.645(1) by "failing to enact a new city ordinance regulating the filing, investigation, and disposition of whistle blower claims." (Dkt. #25, Am. Compl. ¶ 21.) Under this statute, local governments must "establish procedures for hearing an appeal from a local governmental officer or employee who (a) [d]isclose[s] information concerning improper governmental action; and (b) [b]elieves that as a result of that disclosure, a reprisal or retaliatory action has been taken against him." NRS 281.645(1). NRS 281.611 defines "improper governmental action" as

> any action taken by a state officer or employee or local government officer or employee in the performance of his official duties, whether or not the action is within the scope of his employment, which is:
> (a) In violation of any state law or regulation;
> (b) If the officer is a local governmental officer or employee, in violation of an ordinance of the local government;
> (c) An abuse of authority;
> (d) Of substantial and specific danger to the public health or safety; or
> (e) A gross waste of public money.

In his Amended Complaint, Scalzi alleges he was denied a promotion and ultimately fired "because he opposed the city managers [sic] unlawful actions and reported those

illegal actions to the city attorney and other officials." (Dkt. #25, Am. Compl. ¶ 24.) Elsewhere in the Amended Complaint, Scalzi alleges he complained to the City Manager "to insure [sic] lawful conduct and fair treatment for all employees." *(Id.* at ¶ 6.)

Scalzi fails to state a claim because he does not specify the nature of the "improper governmental action" in which the City was allegedly engaged. He refers to "inappropriate conduct" and "illegal actions" throughout his Complaint, but he does not specifically describe this behavior or indicate why it qualifies as improper governmental action under the statute. Thus, under *Twombly* and *Iqbal*, Scalzi does not allege sufficient facts to raise a right to relief above the speculative level. Because Scalzi makes only the vague allegation that the City engaged in inappropriate conduct, the Court dismisses his claim under NRS 281.645 for failure to state facts indicating that the City engaged in improper governmental action.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant City of North Las Vegas' Amended Motion to Dismiss Complaint (#29) is GRANTED in part and DENIED in part as follows:

The City's Motion to Dismiss Scalzi's sex discrimination and retaliation claims is DENIED.

The City's Motion to Dismiss Scalzi's claim for violation of NRS 281.645 is GRANTED.

Dated: September 16th, 2009.

_____
ROGER L. HUNT
Chief United States District Judge