Law Office of Mary F. Chapman, Ltd.
Mary F. Chapman, Esq.
Nevada Bar No. 6591
7473 W. Lake Mead Blvd.
Suite 100
Las Vegas, Nevada 89128
(702)562-1246
(702)562-1247

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL J. SCALZI, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:08-cv-1399 |
| ) | |
| vs. ) | |
| ) | |
| CITY OF NORTH LAS VEGAS, ) | |
| ) | |
| Defendant. ) | **JURY DEMANDED** |
| _____ ) | |
| ) | |
| ALL RELATED MATTERS ) | |
| ) | |
| _____ ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff, Michael J. Scalzi, by and through his attorney, the Law Office of Mary F. Chapman, Ltd., hereby alleges and complains as follows:

**VENUE AND JURISDICTION**

1. This action is being brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e (hereafter "Title VII")and Nevada Revised Statutes 613.330.

2. The discriminatory conduct and employment issues all occurred in County of Clark, Nevada.

3. Accordingly, venue and jurisdiction are properly established with this Court.

/ / /

/ / /

**GENERAL ALLEGATIONS**

4. Michael J. Scalzi is a resident of Clark County, Nevada.
5. Defendant City of North Las Vegas, is an incorporated city entity pursuant to the laws of the State of Nevada and is located in Clark County, Nevada.
6. Michael J. Scalzi was employed by Defendant as the labor relations manager, acting human resource director and acting chief labor relations manager.  After repeatedly "standing up to" the City Manager to insure lawful conduct and fair treatment for all employees; Mr. Scalzi was retaliated against by first being denied a promotion that was given to a female and then later fired.  Mr. Scalzi's was replaced by a female who would "play ball" with the City Manager and "not stand up for what was right" since "women don't act that way".
7. Mr. Scalzi was not the first male fired from the Human Resources Department by the same City Manager.
8. Since his termination, Mr. Scalzi has been actually replaced by three female employees.
9. Mr. Scazi timely filed a discrimination complaint with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC").
10. On June 13, 2008, the EEOC issued a right to sue letter which was received on June 15, 2008.
11. Mr. Scalzi has timely filed this complaint.

**FIRST CAUSE OF ACTION**

**VIOLATION OF TITLE VII: SEXUAL DISCRIMINATION AND RETALIATION**

12. Mr. Scalzi hereby repeats, re-alleges, and incorporates by reference paragraph 1-13 contained above as though fully set forth herein.

13. Mr. Scalzi complained multiple times about inappropriate conduct by the City Manager and other City of North Las Vegas officials.

14. Mr. Scalzi was intentionally replaced by a female employee because female employees were perceived by the City Manager to "play ball" and not "challenge" him even when he wanted to violate policy or the law.

15. The City of North Las Vegas failed to take appropriate action(s) designed to eliminate the discriminatory work environment and failed to properly investigate Mr. Scalzi's complaints in accordance with its statutory obligation.

16. Defendant instead responded to Mr. Scalzi's complaint by first denying him a promotion and thereafter terminating his employment.

17. As a result of Defendant's discrimination, Mr. Scalzi has been damaged and is seeking to recover his actual damages.

18. Defendant's actions were knowing, intentional and malicious. Accordingly, Mr. Scalzi has a statutory right to recover punitive damages.

- 3 -

19. It has been necessary for Mr. Scalzi to retain the services of legal counsel and incur attorney's fees and costs to prosecute this action, and therefore, in accordance with the statutes, he is entitled to reimbursement for those attorney's fees and costs incurred herein.

## SECOND CAUSE OF ACTION

## VIOLATION OF STATE WHISTLE BLOWER STATUTE NRS §281.645

20. Mr. Scalzi hereby repeats, re-alleges, and incorporates by reference paragraph 1-19 contained above as though fully set forth herein.

21. The City of North Las Vegas violated Nevada law by failing to enact a new city ordinance regulating the filing, investigation and disposition of whistle blower claims as mandated by NRS §281.645.

22. The City of North Las Vegas' failure to comply with the statutory requirement is depriving Mr. Scalzi from his state law remedy regarding his whistle blower claim.

23. Because the City of North Las Vegas failed to comply with the state statute to enact a municipal procedure to handle whistle blower claims, Mr. Scalzi's claim should now be heard by the Court based upon a common law claim to preclude the City of North Las Vegas from benefitting from its illegal action of depriving Mr. Scalizi of his legal rights.

24. Mr. Scalzi was not promoted and was ultimately fired because he opposed the city managers unlawful actions and reported

- 4 -

those illegal actions to the city attorney and other officials.

25. Specifically, Mr. Scalzi complained about the following actions, though this is not an exclusive list of all illegal acts by the city manager:

(A) the city manager hiring without a proper background check; and then not immediately firing Ali Freeman when it was discovered he did not meet the criminal background check requirements.

(B)  Mr. Scalzi repeatedly warned about problems with the procedure used to investigate Ricardo Bonvicin and advised the city official of the potential liability.

(C)  Mr. Scalzi complaint about the illegal employment agreement the city manager approved with Jimmy Jackson, the agreement violated a city ordinance that applied to Jackson and other city employees thereby the agreement would require city counsel approval.

(D)  Complained about the city manager covering up that David Bereskin violating his last chance agreement with the city; and his failure to collect approximately $1.5 million dollars in revenue related to unread/unrepaired water meters under his supervision.

(E)  Scalzi complained about the conflict of interest in the city manager providing a Teamsters union V.P. (Grady) a city office and vehicle.

- 5 -

(F) Mr. Scalzi complained about the municipal court employees being over compensated in violation of city ordinance, and wage comparisons with other city employees the over payment was requested by Judge Vanlandshoot and approved by the city manager.

(G) Mr. Scalzi complained about the unlawful termination of Carol Morovillo that ultimately lead to the city paying out a settlement agreement.

(H) Mr. Scalzi complained about the Anthony Borruto case wherein the city manager kept an employee on the payroll despite the fact that the case should have been closed after a workman's compensation payout was made.

(I) Mr. Scalzi complained about the city manager not taking the negotiated adjustment in the merit increase based upon the city's increased PEERS contribution. This improper action cost the city millions and exceeded the city managers authority for payment of moneys without city counsel approval.

26. The city manager used his position to retaliate against Mr. Scalzi's whistle blower actions by first refusing to promote him and then by having him terminated.

27. Mr. Scalzi is entitled damages, including reinstatement, back pay, attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Michael J. Scalzi prays for judgment against Defendant as follows:

- 6 -

1. For compensatory and non compensatory damages;

2. For punitive damages;

3. For reinstatement;

4. For all attorney's fees and costs incurred herein; and

5. For such other relief as the Court may deem just and proper.

Dated this <u>19th</u> day of January, 2010.

                                        Respectfully submitted,
                                        Law Office of Mary F. Chapman, Ltd.

                                               /S/
                                        Mary F. Chapman, Esq.
                                        7465 W. Lake Mead Blvd.
                                        Suite 100
                                        Las Vegas, Nevada 89128
                                        (702)562-1246
                                        (702)562-1247
                                        Attorney for Plaintiff

THE LAW OFFICE OF MARY F. CHAPMAN, LTD
7465 W. Lake Mead Blvd.
Suite 100
Las Vegas, Nevada 89128
Ph. (702) 562-1246
Fax (702) 562-1247