Law Office of Mary F. Chapman, Ltd.
Mary F. Chapman, Esq.
Nevada Bar No. 6591
7465 W. Lake Mead Blvd.
Suite 100
Las Vegas, Nevada 89128
(702)562-1246
(702)562-1247
Attorney for Michael Scalzi

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL J. SCALZI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF NORTH LAS VEGAS, ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> ALL RELATED MATTERS ) <br> ) <br> _____) | Case No.: 2:08-cv-1399 |

**PLAINTIFF SCALZI'S REQUEST FOR AN ORDER TO SHOW CAUSE**

Michael J. Scalzi (hereafter "Scalzi") by and through his counsel of record, the Law Office of Mary F. Chapman, Ltd., pursuant to Fed. R. Civ. P. Rule 34 and LR 34-1, moves the Court for an Order to Show Cause as to why Defendant City of North Las Vegas ("CNLV" or "Defendant"), should not be held in contempt for failing to produce all e-mails responsive to Plaintiff's Request for Documents No. 2 and 10 pursuant to this Court's Order dated October 30, 2009. Plaintiff bases his motion on the attached points and authorities, the attached discovery response by CNLV (Exhibit 1); November 16, 2009 letter from Amy Mondragon to the Court (Exhibit 2) and the declaration of Mary F. Chapman, Esq.

(Exhibit 3), and any oral argument the Court may allow.

**Facts**:

Plaintiff Scalzi served a request for the production of documents on CNLV via U.S. Mail on June 26, 2009. CNLV propounded their responses via U.S. Mail on August 11, 2009, after having been granted an extension within which to respond.

After failing to reach an agreement regarding request number 2 and 10, a Motion to Compel Discovery was filed on September 19, 2009 (Dkt. No. 34). On October 30, 2009, the Court Ordered CNLV to produce the requested e-mails. See, Order Dkt. No. 46. CNLV requested an extension of time to produce the e-mails via letter to the Court, admitting Plaintiff's e-mails had been archived by the CNLV. See, Amy Mondragon letter to the Court dated November 16, 2009, attached as Exhibit 3. Pursuant to a stipulation filed by the parties and approved by the Court, CNLV was provided an extension until January 16, 2010, to produce the e-mails. See, Dkt. No. 48.

On January 15, 2010, CNLV served their supplemental responses to Requests No. 2 and 10. See, CNLV Supplemental responses attached as Exhibit 2. CNLV's response includes a privilege log listing 48 pages; and 296 pages of e-mails. Id. The e-mails range in date from February 2, 2006 (#NLV0306) to November 5, 2007 (#NLV0153). It should be noted that: 1) 79 of the e-mails produced are dated after Mr. Scalzi's termination on June 30, 2007; 2) 20 pages were either blank or duplicates; 3)

- 2 -

114 pages were not responsive to the actual request; 4) an e-mail references Mr. Scalzi's e-mail to Judge VanLandshoot, but the e-mail produced does not have the attachment provided (#NLV0005) and 5) the e-mails produced were not in any type of date order despite a claim that they were retrieved from the archives. See, Chapman Declaration ¶4 attached as Exhibit 1. Plaintiff's counsel had previously advised that there were over twenty (20) thousand e-mails to review and that formed the basis of the stipulation to extend the time for the disclosure. Id. A meet and confer was conducted on February 4, 2010, at that time opposing counsel could not explain why only approximately 1% of the alleged e-mails saved were actually produced or accounted for in the privilege log. Id. at ¶5.

Mr. Scalzi was employed with the CNLV from December 2005 until June 29, 2007. See, Scalzi declaration ¶2 attached as Exhibit 4. During his employment Mr. Scalzi never deleted any business e-mails, but advised he wrote and/or received approximately 50 e-mails per day which would total approximately 16,000 e-mails. Id. at ¶3.

Moreover, during his employment Mr. Scalzi was informed during the investigative period of his predecessor, Ali Freeman, that the CNLV IT department would have all of Mr. Freeman's e-mails downloaded and archived as part of the CNLV normal policy to preserve e-mails of management officials who leave under less than amiable conditions. Id. at ¶4. Mr. Scalzi was advised that

the e-mails were all stored on the CNLV's electronic data base system that the IT department had full access to.  Id.

**Argument**:

### A. The CNLV Should Be Held In Contempt For Not Producing All Of The E-mails As Ordered By The Court.

Fed. R. Civ. P. 26(b)(1) allows a party to obtain discovery relevant to the "claim or defense of any party" that is not privileged or protected as trial preparation material. See, Fed. R. Civ. P. 26(b)(1).  In this case, Scalzi has sought copies of the e-mails he sent to and received from other city officials that directly relate to the complaints he filed against the city manager regarding his illegal activities; and those e-mails that relate to his discrimination and retaliatory charges. The Court pursuant to a prior Motion to Compel Discovery filed by Scalzi Ordered CNVL to produce those e-mails.

The CNLV has already previously admitted the e-mails exist, but upon production the CNLV has accounted for less than 1% of the e-mails sent and/or received by Scalzi during his employment with the CNLV.  Moreover, the e-mails produced establish that the CNLV does possess electronic data for a wide range of dates, if not the entire time frame of Scalzi's employment.  Additionally, as a former management employee of the CNLV, Scalzi knows the CNLV has an electronic files storage policy and that at the time of his departure no e-mails had ever been removed from the CNLV computer system.  Counsel for the CNLV has failed to provide any plausable explaination as to why the

- 4 -

CNLV has either withheld or destroyed the e-mails requested. Accordingly, the Court is requested to conduct a hearing for an Order to Show Cause as to why the CNLV should not be held in contempt for failing to timely produce the e-mails. Scalzi would also request that the Court include in its Order a requirement that the CNLV IT department be required to testify as to what happened to the Scalzi electronic files.

**B. Scalzi Requests CNLV Be Sanctioned And He Be Reimbursed For His Attorney's Fees And Costs.**

Fed.R.Civ.Pro. 37(a)(5) provides that if a motion to compel discovery responses is granted, the court must, after giving the opposing party an opportunity to be heard, grant the movant's reasonable expenses incurred in making the motion, including attorney's fees. The court, however, must not order this payment, if the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action, the opposing party's non-response was substantially justified, or other circumstances make an award of fees unjust. As indicated above, the CNLV was previously ordered to provide the e-mails, but has now violated the Court's order by producing less than 1% of the e-mails in question.

The Court should find that Plaintiff adequately fulfilled its obligations to meet and confer, since discussions with Defense counsel were undertaken, but the CNLV refused to modify its position.

Finally, there are no circumstances that would make an

- 5 -

award of expenses unjust.

Additionally, Scalzi would request the Court enter an Order that the CNLV would face a destruction of evidence jury instruction if the e-mails are not completely and timely produced.

### C. Scalzi Requests A Limited Extension Of Discovery, If Needed.

Based upon the need to file this motion for an Order to Show Cause, the need exists to delay the taking of depositions until such time as the requested documents are received. Plaintiff will be deposing: Sam Chamber, Al Gillespie, Nancy O'Conner; Austin Scaccia; Phillip Chen; Joe Forti; Phil Stoeckinger; Claudia Hincapie; and Patricia Creevy. Plaintiff is concerned that these witnesses when deposed may claim they "don't recall", wherein the requested e-mails could be used to refresh their memory; or the witnesses may deny information that is contained in one of the requested e-mails which could then be used to confront/impeach the witness during their deposition. Moreover, Plaintiff seeks to limit incurring excessive costs that would result if Plaintiff was required to take the depositions now, only to have them re-opened upon receipt of additional documents.

Based upon Defendant's refusal to produce the documents, Plaintiff requests the Court allow the Plaintiff to conduct the above deposition within 60 days of the receipt of the file documents or upon the Court entering an Order that CNLV will

- 6 -

be faced with a destruction of evidence jury instruction.

**Conclusion**:

CNLV has failed to comply with the Court's Order to produce the requested e-mails. Accordingly, the CNLV should be held in contempt, be given a date certain to produce the documents or face an imposition of sanctions including, but not limited to, a willful destruction of evidence jury instruction. Moreover, Plaintiff should be awarded his attorney's fees and costs because the CNLV failed to reasonably comply with the Fed. R. Civ. P. Lastly, Plaintiff should be entitled to complete his designated depositions no later than sixty (60) days of the production of the documents.

February 12, 2010                    Respectfully submitted,
                                     Law Office of Mary F. Chapman, Ltd.


                                     By:          /S/
                                         Mary F. Chapman, Esq
                                         Law Office of Mary F. Chapman
                                         7465 W. Lake Mead Blvd.
                                         Suite 100
                                         Las Vegas, NV 89128
                                         Ph: (702)562-1246
                                         Fax: (702)562-1247
                                         Attorney for Michael J. Scalzi

THE LAW OFFICE OF MARY F. CHAPMAN, LTD
7465 W. Lake Mead Blvd.
Suite 100
Las Vegas, Nevada 89128
Ph. (702) 562-1246
Fax (702) 562-1247

- 7 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 18th day of February 2010, a copy of the foregoing **"Scalzi's Motion for an Order to Show Cause"** was served via the Court's electronic filing system by e-mail to:

>  Robert W. Freeman, Jr., Esq.
> Amy V. Mondragon, Esq.
> Freeman & Mondragon
> 1060 Wigwam Parkway
> Henderson, Nevada 89074

By: _____/S/_____
     Law Office of Mary F. Chapman,

THE LAW OFFICE OF MARY F. CHAPMAN, LTD
7465 W. Lake Mead Blvd.
Suite 100
Las Vegas, Nevada 89128
Ph. (702) 562-1246
Fax (702) 562-1247