Robert W. Freeman, Jr., Esq.
Nevada Bar No. 003062
Amy V. Mondragon, Esq.
Nevada Bar No. 10156
FREEMAN & MONDRAGON
1060 Wigwam Parkway
Henderson, Nevada 89074
(702) 990-4913
Attorneys for Defendants
City of North Las Vegas

FREEMAN & MONDRAGON
1060 WIGWAM PARKWAY
HENDERSON, NEVADA 89074
TELEPHONE (702) 990-4913

**UNITED STATES DISTRICT COURT**

**STATE OF NEVADA**

* * * * *

MICHAEL J. SCALZI,

Plaintiffs,

vs.

CITY OF NORTH LAS VEGAS,

Defendant.

ALL RELATED MATTERS.

Case No.: 2:08-cv-1399-RLH-LRL

**STIPULATION AND ORDER FOR PROTECTIVE ORDER RE: CONFIDENTIALITY AND PRIVACY**

Discovery in this action will require Defendant CITY OF NORTH LAS VEGAS ("CNLV") to provide Plaintiff and his counsel of this lawsuit with information and documents that contain information that is confidential, private and/or sensitive. Although this information may be subject to conditional disclosure, CNLV is entitled to the protections described below:

1. As used in this Protective Order, the term "confidential information" means any documents or other information which is released and/or ultimately produced from the date of this agreement forward and has been designated as "PRIVATE, CONFIDENTIAL, AND/OR SUBJECT TO A PROTECTIVE ORDER ".

2. The term "disclosure" shall include the dissemination, communication, publication or reproduction of any of the subject material or any of the specific contents of

the information contained therein, or the communication of any estimaté or other information which facilitates the discovery of confidential information. Should any pleading with the Court require reference or attachment of any confidential information, the attachment shall be filed under seal pursuant to this Stipulation and Order, as further defined in Paragraph 11 below.

3. As used in this Protective Order, the term "qualified persons" means (i) counsel of record for the parties to the litigation, including office associates, paralegals, and stenographic and clerical employees to whom disclosure is reasonably necessary; (ii) experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who reviewed and signed a copy of this Stipulation; and (iii) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

4. As used in this Protective Order, the term "expert" means anyone retained by Plaintiff or Plaintiff's counsel in a consultive, whether formal or informal, capacity.

5. Confidential information shall be and remain confidential, and, except as allowed by this Protective Order, may not be disclosed or communicated, nor used for any purpose other than this litigation, including any appeals.

6. Any and all documents designated as confidential and/or containing confidential information must be retained by counsel and not be disclosed or made available to any person other than a qualified person who has read and acknowledged the terms of this Protective Order. Similarly, the confidential information contained within those documents may not be disclosed to any person other than a qualified person. To the extent reasonably necessary, copies of confidential documents may be provided to experts retained for the purpose of this litigation to whom disclosure in reasonably necessary and who have signed this Stipulation and Protective Order. Nothing in this Protective Order shall in any way affect the admissibility or use at trial of any of the documents produced under this Protective Order.

FREEMAN & MONDRAGON
1060 WIGWAM PARKWAY
HENDERSON, NEVADA 89074
TELEPHONE (702) 990-4913

7. Any person who is in possession of confidential information, or whom confidential information is disclosed, is responsible for ensuring that such confidential information is not inadvertently disclosed by him or her. Failure to take all precautions to ensure against such inadvertent disclosure will be viewed by the Court as willful disobedience of this Protective Order, and will be punished accordingly.

8. Counsel receiving confidential information may not disclose that confidential information to any expert without first furnishing to that expert a copy of this Stipulation and Protective Order and obtaining a signed copy of this Stipulation and Protective Order from that expert.

9. Any person who executes a copy of this Stipulation and Protective Order submits to the Jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior to or following the trial of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Protective Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order, or for such additional relief as may become appropriate.

10. After Plaintiff's counsel's review of those documents designated as "PRIVATE, CONFIDENTIAL, AND/OR SUBJECT TO A PROTECTIVE ORDER ", Plaintiff's counsel shall identify and return those documents determined to be responsive to her discovery request to Defense Counsel. Defense counsel will then review said documents for privilege. If Plaintiff objects to the designation by Defendant of a document or item, pleading, or transcription of testimony as "PRIVATE, CONFIDENTIAL, AND/OR SUBJECT TO A PROTECTIVE ORDER " he shall give notice of the same to Defense Counsel in writing of the document, pleading and/or testimony at issue and the reason for the objection. Defendant shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure. If Defendant does not make application within twenty

FREEMAN & MONDRAGON
1060 WIGWAM PARKWAY
HENDERSON, NEVADA 89074
TELEPHONE (702) 990-4913

(20) business days after receipt of the written abjection of Plaintiff (or within the stipulated time period if stipulated to be longer or shorter than twenty (20) days), then the documents, pleadings, and/or testimony at issue shall no longer be deemed "PRIVATE, CONFIDENTIAL, AND/OR SUBJECT TO A PROTECTIVE ORDER ". However, until expiration of the twenty (20) day time period (no longer or shorter if stipulated) or until the Court enters an order changing the designation, whichever is later, the information shall continue to be given the "PRIVATE, CONFIDENTIAL, AND/OR SUBJECT TO A PROTECTIVE ORDER " treatment initially assigned to it and provided for in this order.

11. No copies of any confidential information shall be made by any person other than CNLV prior to its official supplemental document production by CNLV. Thereafter, if any individual makes copies of any confidential information allowed by this agreement, said individual must ensure that the copies are also marked "PRIVATE, CONFIDENTIAL, AND/OR SUBJECT TO A PROTECTIVE ORDER ".

12. Any person who wishes to file with this Court any document, paper, or other tangible item disclosing confidential material may disclose only those confidential materials that are necessary to support the pleading, motion or other paper to which the confidential document, paper, or other tangible item is attached and must do so under seal, permissible pursuant to this Stipulation and Order.

13. Nothing in this Protective Order precludes the deposition examination of any person regarding confidential information of which they have knowledge. In any such deposition, Defendant may designate specific testimony deemed to be "PRIVATE, CONFIDENTIAL, AND/OR SUBJECT TO A PROTECTIVE ORDER " by advising the court reporter of such fact prior to the conclusion of the deposition. The reporter shall mark the face of the transcript "CONTAINS CONFIDENTIAL INFORMATION." All transcripts of said deposition containing confidential information will be treated in accordance with this Protective Order, wherein if any portions of the deposition transcript containing confidential material is to be filed with the Court, it should be filed with the Court under seal as

FREEMAN & MONDRAGON
1060 WIGWAM PARKWAY
HENDERSON, NEVADA 89074
TELEPHONE (702) 990-4913

described in paragraph 11.

14. Only qualified persons and named parties to this action may attend deposition examinations in this case unless counsel for all parties agree otherwise.

15. The parties taking any deposition shall retain a court reporter who agrees that before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court under seal.

16. If, during trial, any party intends to introduce into evidence any information designated as "PRIVATE, CONFIDENTIAL, AND/OR SUBJECT TO A PROTECTIVE ORDER ", he/she shall give timely notice of that intention to the Court and the opposing counsel, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information, without violating any statute or other rule of the Court.

17. Nothing in this Protective Order requires a party to disclose confidential information that the party also contends is protected from disclosure based upon privilege (including but not limited to the HIPAA rights of others) or for some reason other than the mere confidential or private nature of the document or information.

18. No copies or information contained in any of the confidential information shall be made available or presented to Plaintiff Michael J. Scalzi in any way prior to its disclosure in CNLV's official supplemental document production by CNLV.

19. Upon the final determination of this action, counsel and all qualified persons shall return any confidential information for Defendant upon their request, together with any copies of confidential information. Transcripts containing confidential information also must be returned to counsel for Defendant. All pleadings with confidential information attached or referenced may be maintained in the appropriate counsel's files, and the

FREEMAN & MONDRAGON
1060 WIGWAM PARKWAY
HENDERSON, NEVADA 89074
TELEPHONE (702) 990-4913

appropriate counsel may maintain or destroy all documents with work product thereupon, provided that such counsel and employees of such counsel, shall not disclose any such material contained in such documents to any person or entity. All notes or any other memorialization of the information contained in the confidential material produced that are in the possession of a party may be retained by that party's counsel, but shall be placed in a sealed envelope or other container on the face of which shall be typed or printed.

**CONFIDENTIAL**

The information contained herein is confidential and/or private and subject to a protective order issued by the United States District Court, District of Nevada. Anyone not permitted to review this information as set forth in that Protective Order is in violation of that order, and may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings

. . .

. . .

. . .

. . .

. . .

. . .

. . .

FREEMAN & MONDRAGON
1060 WIGWAM PARKWAY
HENDERSON, NEVADA 89074
TELEPHONE (702) 990-4913

20. Anyone found to be in violation of this Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

Dated this 21 day of July, 2010.

FREEMAN & MONDRAGON

/s/ Amy V. Mondragon
Robert W. Freeman, Jr., Esq.
Nevada Bar No. 3062
Amy V. Mondragon, Esq.
Nevada Bar No. 10156
1060 Wigwam Parkway
Henderson, Nevada 89074
Attorney for Defendants
City of North Las Vegas

Dated this 21 day of July, 2010.

LAW OFFICE OF MARY F. CHAPMAN, LTD.

/s/ Mary F. Chapman
Mary F. Chapman, Esq.
Nevada Bar No. 6591
7465 W. Lake Mead Blvd., Suite 100
Las Vegas, Nevada 89128
Attorney for Plaintiff

IT IS SO ORDERED.

Dated this 26th day of July, 2010.

______________________________
U.S. MAGISTRATE JUDGE

Submitted by:

By______________________________
Robert W. Freeman, Jr., Esq.
Nevada Bar No. 3062
Amy V. Mondragon, Esq.
Nevada Bar No. 10156
1060 Wigwam Parkway
Henderson, Nevada 89074
Attorney for Defendants
City of North Las Vegas

FREEMAN & MONDRAGON
1060 Wigwam Parkway
Henderson, Nevada 89074
Telephone (702) 990-4913

FREEMAN & MONDRAGON
1060 WIGWAM PARKWAY
HENDERSON, NEVADA 89074
TELEPHONE (702) 990-4913

**ACKNOWLEDGMENT**

I, ______________________________, have read the foregoing **STIPULATION AND ORDER FOR PROTECTIVE ORDER** and state as follows:

1. I am qualified person pursuant to the definition contained in the Stipulation;

2. I agree to the receipt of confidential information; and

3. I agree to follow the terms and conditions of said Stipulation and Order for Protective Order as to the confidentiality of any and all documents so marked.

Dated this_____________ day of_______________________, 2010.

Sign Name:_____________________________________

Print Name:_____________________________________

SUBSCRIBED and SWORN to before me
this_________ day of__________, 2010.

___________________________________
NOTARY PUBLIC